IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANICE BRUTON, | ) |
| | ) |
| *Plaintiff* | ) |
| vs. | ) Case No. 3:16-CV-135 RLM-MGG |
| | ) |
| BIOMET, INC., *et al.*, | ) |
| | ) |
| *Defendants* | ) |

OPINIONS AND ORDER

Biomet moved for summary judgment in this case as a sanction for the plaintiffs' failure to preserve the M2a device that she alleges was defective and caused her injuries. Today, I deny the motion.

Summary judgment is only appropriate if the pleadings, discovery materials, disclosures, and affidavits demonstrate that there are no genuine issues of material fact, and that the non-moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23(1986); Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The record in this case doesn't support the relief requested.

These facts are undisputed: in March 2013, I court entered an explant preservation order requiring the plaintiffs in all member cases to "make good faith efforts to ensure that non-party medical practitioners, hospitals, and vendors engaged to facilitate device preservation preserve [their] Explanted M2a Devices that may be relevant to the claims, defenses, or subject matter of [their] case

consistent with this order...." [Doc. No. 279 in 3:12md2391]. The order also provided:

> III. <u>OBTAINING EXPLANTED M2a DEVICES</u>
>
> With respect to M2a Devices that...have been explanted but are not in either party's possession, counsel for a plaintiff may elect to obtain plaintiff's Explanted M2a Device from plaintiff's surgeon or the hospital where the surgery occurred and send it to a contract laboratory of plaintiff's choice or a designated storage facility. If plaintiff's counsel does not elect to obtain an Explanted M2a Device within 60 days of the revision surgery, Biomet will make arrangements for it to be sent to Malcome Naylor at Biomet in Warsaw, Indiana.

[Doc. No. 279].

Ms. Bruton had revision surgery in August 2015, more than two years after the explant preservation order was entered, and she filed this suit in March 2016. She hired attorney Jeffrey Lowe before her surgery, based on a recommendation from her surgeon's "right-hand man" because his firm had represented other people who had problems with the Biomet hip, and she signed a formal written fee/employment agreement two months later, in October 2015.[1] When Mr. Lowe filed the complaint in March 2016, he already had cases pending in this MDL, and

---

[1] Mr. Lowe asserts in his response brief that Ms. Bruton was "mistaken" when she testified that she retained counsel before her surgery, and that, "[i]n actuality, Ms. Bruton retained counsel on October 8, 2015," citing in support a contingency fee/employment agreement dated October 8, 2015. [Doc. Nos. 90 at pp. 3, n.1 and 5-6, and 90-2]. But the agreement doesn't negate Ms. Bruton's prior testimony, and Counsel's arguments to the contrary aren't evidence. <u>See</u> <u>United States v. Stevens</u>, 500 F.3d 625, 628 (7th Cir. 2007); <u>Campania Mgmt. Co. v. Rooks, Pitts & Poust</u>, 290 F.3d 843, 853 (7th Cir. 2002); <u>Reed v. Allied Waste Transporation, Inc.</u>, 621 Fed.Appx. 345, 347 (7th Cir. 2015); <u>Taylor v. Lifetouch Nat'l School Studios, Inc.</u>, 490 F.Supp.2d 944, 955 (N.D. Ind. 2007).

knew or should have known about the explant preservation order. That knowledge can be imputed to Ms. Bruton, *see* Washington v. Parkinson, 737 F.3d 470, 473 (7th Cir. 2013); Frey v. Fraser Yachts, 29 F.3d 1153, 1158 (7th Cir. 1994), but the inquiry into whether Biomet is entitled to judgment as a sanction for failing to comply with the order doesn't stop there.

To prevail on its motion, Biomet also has to show that Ms. Bruton didn't make a good faith effort to preserve the explanted device, *e.g.*, that she acted willfully or in bad faith ("for the purpose of hiding adverse information"), Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir 2008); Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 781 (7th Cir. 2016), or that the failure to preserve the explanted device was her "fault". Marrocco v. General Motors Corp., 966 F.2d 220, 224 (7th Cir. 1992). Biomet alleges the latter. It contends that: Ms. Bruton's failure to take any action to preserve the explanted device after her revision surgery was objectively unreasonable; key evidence was lost and, depriving Biomet of the opportunity to test the device for any defects and to ascertain the cause of Ms. Bruton's injuries, and irreparably prejudicing Biomet; and the only appropriate sanction is to dismiss her claims. *Citing, e.g.,* Marrocco v. General Motors Corp., 966 F.2d 220 (7th Cir. 1992); Silvestri v. GMC, 271 F.3d 583 (4th Cir. 2001).

There's no evidence about what any steps either party took to locate and preserve the device after it was removed in August 2015, or when the device was

actually lost or destroyed. The explant preservation order gave both parties a right to obtain and test the device, but neither appears to have made any effort to exercise that right in a timely fashion. Ms. Bruton had an obligation to preserve the explanted device, but before she pays for her omission with her cause of action, the court needs to know more about what each party did and didn't do. Ms. Bruton indicated on her Plaintiff Fact Sheet that she thought her surgeon had the implant, but no evidence suggests that Biomet ever acted on that information. While Ms. Bruton and her attorney clearly bear responsibility for failing to preserve the device, I can't find on the basis of the limited record before it that their actions were objectively unreasonable as a matter of law, or that they were the only ones at fault for failing to obtain, preserve, and test the explanted device.

Accordingly, Biomet's motion for summary judgment [Doc. No. 81] is DENIED.

SO ORDERED.

ENTERED:     August 7, 2019


                                                      /s/ Robert L. Miller, Jr.
                                           Judge, United States District Court